IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM OTIS STERLING                                                                           PLAINTIFF

vs.                                        Civil No. 4:12-cv-04088

CAROLYN W. COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

William Otis Sterling ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his current disability applications on January 6, 2010. (Tr. 8, 93-113).  Plaintiff alleges he is disabled due to poor eyesight, back problems, knee problems, hip problems, neck problems, high blood pressure, and heart problems. (Tr. 139). Specifically, Plaintiff alleges his impairments cause the following limitations:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

> Well it in my medical record that I can't lift over twenty-five pound and I can't do a lot bending because my back will start to hurt me.

(Tr. 140). Plaintiff alleges an onset date of January 1, 2009. (Tr. 8). These applications were denied initially and again upon reconsideration. (Tr. 54-57).

Thereafter, on April 19, 2011, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 62-84). Plaintiff's administrative hearing was held on March 2, 2011 in Texarkana, Arkansas. (Tr. 22-53). Plaintiff was present and was represented by Greg Giles at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Bowden[2] testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 26-27).

On April 19, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 5-14). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2009, his alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lumbar disc disease; arthritis; status post gunshot would left shoulder; hypertension; sleep apnea; gastro-esophageal reflux disease (GERD); chronic hemorrhoids; and obesity. (Tr. 10, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10-11, Finding 4).

---

[2] The VE's full name was not given in the ALJ's opinion.

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 11-13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he needs the ability to change positions at 30 minute intervals; no climbing ladders, ropes, or scaffolds; all other postural activities limited to occasional, and occasional twisting/turning of the back. The claimant should avoid hazards and concentrated exposure to pulmonary irritants. The claimant should avoid overhead lifting with his non-dominant arm.

*Id.* After evaluating his RFC, the ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 13, Finding 4). Specifically, upon review of his PRW, the ALJ determined Plaintiff had no PRW he could perform. *Id.*

Finally, the ALJ determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 13-14). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified that a hypothetical individual with Plaintiff's impairments retained the capacity to perform the requirements of representative occupations such as a telephone or address clerk (unskilled, sedentary) with 178,000 such jobs in the nation and 17,800 such jobs in the region and a lens or film inspector with 80,000 such jobs in the nation and 8,000 such jobs in the region. (Tr. 14). Accordingly, because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from January 1, 2009 through the date of his decision or through April 19, 2011. (Tr. 14, Finding 9).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 16). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 23, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 14, 2012. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims the following: (1) the ALJ improperly determined his impairments did not meet the requirements of any of the Listings; (2) the ALJ erred in taking the state agency medical examiners' opinions over those of his treating physician; (3) the ALJ erred in discrediting his impairments; and (4) the ALJ erred in presenting an

insufficient hypothetical to the VE.  ECF No. 8.  Because this Court finds the ALJ erred in evaluating his RFC and the medical records in this case, this Court will only address Plaintiff's third argument for reversal.

In his opinion, the ALJ spent approximately two pages summarizing nearly five hundred pages of Plaintiff's medical records.  (Tr. 11-13).  In this summary, ALJ noted Plaintiff's treating physician, Dr. Arrington "provided a residual functional capacity evaluation dated February 17, 2011 that the claimant was in severe pain and required complete freedom to rest without restrictions.  The claimant was not able to lift 11 to 20 pounds."  (Tr. 12).  The ALJ also noted that Plaintiff had undergone a consultative examination by Dr. Michael C. Young, M.D.  (Tr. 12).  The ALJ found Dr. Young's findings supported his RFC determination that Plaintiff could perform light work.  (Tr. 13).  Indeed, the ALJ discounted Dr. Arrington's findings because they were "not supported by reference to specific findings" and because they were "inconsistent with the detailed, thorough consultative examination report" performed by Dr. Young.  *Id.*

However, upon review, Dr. Young's findings are not consistent with the ALJ's determination that Plaintiff can perform light work.  Indeed,  Dr. Young "reported that the claimant had chronic pain in his back with standing and walking, right knee pain and swelling and right hip pain.  The claimant also had hypertension and shortness of breath.  Dr. Young diagnosed the claimant with chronic back pain and osteoarthritis."  *Id.*  The only portion of Dr. Young's report that *supports* the ALJ's RFC determination does not include any opinion regarding Plaintiff's functional limitations: "Dr. Young reported that the claimant was able to get on and off the x-ray and examination tables without assistance and was able to undress and dress himself.  X-rays for the right knee and lumbar

spine were normal."³  (Tr. 12).

The only other medical evidence the ALJ cited in support of his RFC determination was from non-examining, non-treating consulting physicians.  (Tr. 12-13).  Accordingly, based upon this review, the Court finds the ALJ improperly evaluated the medical evidence in this case and did not provide substantial evidence supporting his RFC and disability determination.  *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010) (holding an RFC determination must be supported by some medical evidence).  Thus, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of May 2013.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

³ Notably, while "normal" X-rays may indicate an ability to work, they do not establish that Plaintiff retains the capacity to perform *light* work.

7