IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM OTIS STERLING                                                            PLAINTIFF

vs.                                    Civil No. 4:12-cv-04088

CAROLYN W. COLVIN                                                              DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal

Access to Justice Act ("EAJA").  ECF No. 12.  Defendant has responded to this Motion and objects

to Plaintiff's requested rate for 2012.  ECF No. 13.  The Parties have consented to the jurisdiction

of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.

Pursuant to this authority, the Court issues this Order.

1.      **Background:**

William Otis Sterling ("Plaintiff") appealed to this Court from the Secretary of the Social

Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On May

20, 2013, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. §

405(g).  ECF Nos. 10-11.

On July 24, 2013, Plaintiff filed the present Motion requesting an award of attorney's fees

under EAJA.  ECF No. 12.  With this Motion, Plaintiff requests an award of attorney's fees of

$3,680.98, representing 20.4 hours during 2012 and 2013 at an hourly rate of $180.44.  *Id.*

Defendant responded to this Motion on August 5, 2013 and objects to the hourly rate of $180.44 as

being an excessive hourly rate for 2012.  ECF No. 13.

2.   **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).  *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.**   **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  ECF Nos. 10-11.  Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA.  ECF No. 13.  The Court construes the lack of opposition to this application as an admission that the Government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of  $3,680.98, representing 20.4 hours during 2012 and 2013 at an hourly rate of $180.44.  ECF No. 12.  Defendant claims this hourly rate is excessive for 2012. ECF No. 13.  This requested hourly rate is authorized by the EAJA as long as the CPI-South Index justifies this enhanced rate.  *See* General Order 39.  *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, Plaintiff has requested $180.44 per attorney hour for work performed in 2012 and 2013.  ECF No. 12.  Based upon the CPI-South Index, this hourly rate is authorized for 2013, but only the rate of $180.00 is authorized for 2012.  Thus, the Court awards

$180.00 for 2012 and $180.44 for 2013.

Further, Plaintiff has requested 18.7 hours for attorney work performed in 2012 and 1.7 hours for attorney work performed in 2013.  ECF No. 12.  Plaintiff has submitted an itemized bill in support of that request.  *Id.*  Defendant has raised no objections to this request.  ECF No. 13.  Having reviewed Plaintiff's itemized bill, the Court finds it is reasonable and should be granted.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff.*  ECF No. 13.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,672.75** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.  This amount represents 18.7 hours from 2012 at an hourly rate of $180.00 and 1.7 hours from 2013 at an hourly rate of $180.44.

**ENTERED** this **13th  day of August 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

4